**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ASHLEY CROSBY,** | * | |
| **Plaintiff,** | * | |
| | * | **Civ. No. MJM-25-3575** |
| **v.** | * | |
| **ENTERPRISE RESIDENTIAL, LLC,** | * | |
| **Defendant.** | * | |

* * * * * * * * * *

# MEMORANDUM OPINION

This matter is before the Court on plaintiff Ashley Crosby's ("Plaintiff") Motion to Remand, ECF No. 9, and defendant Enterprise Residential's ("Enterprise" or "Defendant") Motion to Dismiss, ECF No. 13. No hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, the Court shall grant Plaintiff's Motion to Remand and deny Defendant's motion as moot. Plaintiff's request for sanctions will also be denied.

## I. BACKGROUND

### A. Facts

This case arises from Plaintiff's tenancy of an apartment in Owings Mills, Maryland, under a lease agreement with "R Home Property Management LLC." Compl. ¶ 18. "R Home Property Management LLC" is Enterprise's former name. ECF No. 12 at 2 n.2.

Plaintiff, individually and on behalf of a putative class, alleges that Enterprise charges and collects excessive and unlawful fees related to late rent payments without a collection license. Compl. ¶ 1. Specifically, Plaintiff alleges that, in addition to a late fee purportedly set at 5% of the

monthly rent, Enterprise assesses "legal fees," resulting in total charges exceeding a 5% cap in violation of Md. Code Ann., Real Prop. § 8-208 et seq. *See id.* ¶¶ 4–8.

Plaintiff's complaint lists three counts. In Count One, Plaintiff alleges that Enterprise, by collecting or attempting to collect late fees in excess of 5% of the amount of rent due, violated Md. Code Ann. Com. Law. § 14-201 et seq. Specifically, Plaintiff claims that Enterprise violated § 14-202(8), which provides that "an alleged debt a collector may not … [c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Compl. ¶¶ 48–50. Plaintiff also alleges that Enterprise violated § 14-202(11), which provides that an alleged debt collector may not engage "in any conduct that violates §§ 804 through 812 of the federal Fair Debt Collection Practices Act." *Id.* ¶¶ 51–54. In Count Two, Plaintiff alleges violations of Maryland's Consumer Protection Act, Md. Code Ann. Com. Law § 13-301 et seq., and in Count Three, Plaintiff seeks a declaratory judgment and injunctive relief. *See id.* ¶¶ 58–73. For purposes of Plaintiff's motion to remand, only Count One is relevant to the analysis.

**B. Procedural History**

Plainitff initially filed this putative class action complaint against Enterprise in the Circuit Court of Maryland for Baltimore City. ECF No. 2 (Compl.). Enterprise removed the case to this Court, asserting federal question jurisdiction. *See* ECF No. 1. Plaintiff filed a motion to remand, ECF No. 9, which Defendant opposed, ECF No. 12.[1] Enterprise filed a motion to dismiss for lack of jurisdiction and failure to state a claim. ECF No. 13. Plaintiff responded in opposition to that motion, ECF No. 14, and Enterprise replied, ECF No. 15.

[1] In Plaintiff's motion to remand, she argued that she was entitled to attorneys' fees because of Defendant's improper removal. *See* ECF No. 9-1 at 7–8.

## II. STANDARD OF REVIEW

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)–(c). Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if there is a contention that jurisdiction is defective. *Id.* § 1447(c). "It is well established that the party seeking removal bears the burden of establishing jurisdiction in the federal court." *Trimble v. Entrata, Inc.*, 791 F. Supp. 3d 615, 622 (D. Md. 2025), *aff'd*, No. 25-1975, 2026 WL 2317837 (4th Cir. Aug. 11, 2026) (citing *Johnson v. Advance Am.*, 549 F.3d 932, 935 (4th Cir. 2008)). "[A] district court must remand any case in which it lacks subject matter jurisdiction." *Byrd v. Deveaux*, Civ. No. DKC-17-3251, 2018 WL 305838, at *1 (D. Md. Jan. 5, 2018) (citing 28 U.S.C. § 1447(c) and *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)). When considering a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Trimble*, 791 F. Supp. 3d at 622 (cleaned up) (quoting *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701–02 (D. Md. 1997)); *accord Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("If federal jurisdiction is doubtful, a remand is necessary.").

## III. DISCUSSION

### A. Motion to Remand

Plaintiff's motion to remand shall be granted because Enterprise fails to establish this Court's subject matter jurisdiction over this case.

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides

that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (citation omitted). "[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

To determine whether federal question jurisdiction exists, a court must first consider whether federal or state law creates the cause of action. Where federal law creates the cause of action, federal jurisdiction is clear. *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (citing *Mulcahey*, 29 F.3d at 151). Where state law supplies the cause of action, federal question jurisdiction exists only if the plaintiff's claim "necessarily depends on resolution of a substantial question of federal law." *Mulcahey*, 29 F.3d at 151 (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)). In other words, a case may arise under federal law where "the vindication of a right under state law necessarily turns on some construction of federal law," but only if "the plaintiff's right to relief necessarily depends on a substantial question of federal law." *Dixon*, 369 F.3d at 816 (quoting *Merrell Dow Pharms.*, 478 U.S. at 808).

A defendant seeking to remove a case in which state law creates the plaintiff's cause of action must show that a "federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Cherry v. One Stop Auto Parts, Inc.*, Civ. No. RDB-18-3054, 2019 WL 2164096, at *3 (D. Md. May 17, 2019) (citing *Virginia ex rel. Hunter Labs., LLC. v. Virginia*, 828 F.3d 281, 286 (4th Cir. 2016) and *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). Importantly, "if a state law claim is supported by alternative

theories of recovery, only one of which sustains federal jurisdiction, then federal jurisdiction does not exist." *Greer v. Crown Title Corp.*, 216 F. Supp. 2d 519, 522 (D. Md. 2002) (citing *Christianson v. Colt Indus., Operating Corp.*, 486 U.S. 800 (1988)); *Danfelt v. Bd. of Cnty. Comm'rs of Washington Cnty.*, 998 F. Supp. 606, 608 (D. Md. 1998) (same).

The claims asserted in Plaintiff's Complaint do not support federal question jurisdiction. First, state law—not federal law—creates the causes of action asserted in the Complaint. Count One asserts violations of Md. Code Ann., Com. Law § 14-201 et seq.—specifically, §§ 14-202(8) and 14-202(11). While § 14-202(11) incorporates the federal Fair Debt Collection Practices Act ("FDCPA"), § 14-202(8) independently prohibits a collector from claiming or attempting to enforce a right "with knowledge that the right does not exist." Md. Code Ann., Com. Law § 14-202(8). Plaintiff may prevail on Count One either by establishing a violation of the FDCPA or by establishing a violation of § 14-202(8), without any reference to federal law. Therefore, the merits of Count One do not "necessarily depend[] on a substantial question of federal law." *Dixon*, 369 F.3d at 816.

The decision in *Greer* is instructive. There, the Court granted a plaintiff's motion to remand, stating that:

> Upon examination of Plaintiff's complaint, this Court finds that, as in *Mulcahey*, Plaintiff states several possible, non-federal bases for Defendants' alleged violation of the Maryland Consumer Protection Act . . . . In other words, Count I of the Complaint, which is the only count that incorporates a violation of [the federal Real Estate Settlement Procedures Act], leaves room to find Defendants liable under other, non-federal theories.

*Greer*, 216 F. Supp. 2d at 522–23; *see also Mulcahey*, 29 F.3d at 153 (holding that federal question jurisdiction was lacking where a negligence claim was supported by alternative theories, some dependent on federal environmental statutes and others grounded in state law).

As in *Greer*, Plaintiff here pleads a state-law claim supported by multiple theories, only one of which requires resolution of any issue of federal law. Count One alleges a violation of the Maryland Consumer Debt Collection Act based on both § 14-202(11), which incorporates the FDCPA, and § 14-202(8), which is wholly independent of federal law. Like the complaint in *Greer*, Plaintiff's pleading "leaves room" to find Enterprise liable on purely state-law grounds. Thus, because Plaintiff may prevail without proving any violation of federal law, her claim does not "necessarily depend" on a federal question. *Dixon*, 369 F.3d at 816.

Enterprise's argument that the alleged violations of §§ 14-202(8) and 14-202(11) "rest on the same theory of liability, such that Plaintiff cannot prove liability under the former without proof of liability under the latter" is unpersuasive. ECF 12 at 2; *see also id.* at 9 (arguing that "[l]iability under Count One can only be established by proving liability for one or more of the three alleged FDCPA violations"). Section 14-202 lists prohibited acts in the disjunctive, such that a debt collector violates the statute by committing any one of the enumerated acts. Accordingly, proof that a collector "[c]laim[ed], attempt[ed], or threaten[ed] to enforce a right with knowledge that the right does not exist," in violation of § 14-202(8), is independently sufficient to establish liability, without any need to prove a violation of § 14-202(11). Nothing in Count One suggests otherwise; rather, the provisions are pleaded as alternative grounds for relief.

In sum, because Plaintiff's claim for relief under state law in Count One does not "necessarily depend[] on resolution of a substantial question of federal law[,]" *Mulcahey*, 29 F.3d at 151, this Court lacks subject matter jurisdiction over the claim. Furthermore, Counts Two and Three do not involve any question of federal law. Accordingly, this Court finds that it lacks federal question jurisdiction over this action, and Plaintiff's motion to remand must be granted. *See*

*Trimble*, 791 F. Supp. 3d at 622 (court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court").

**B. Attorneys' Fees**

Plaintiff argues that she is entitled to attorneys' fees in the amount of $1,827.00 because Enterprise declined her request for it to voluntarily remand the case. *See* ECF 9-1 at 7.

A remand order may require the payment of attorneys' fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). But attorneys' fees should only be awarded "where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Whether to award costs and expenses is in this Court's discretion, and there is no presumption either for or against such an award." *Cohn v. Charles*, 857 F. Supp. 2d 544, 549–550 (D. Md. 2012).

While the Court finds that remand is warranted, there is no basis to find that Enterprise was "objectively unreasonable" in seeking removal. To be sure, Enterprise's jurisdictional argument failed, but it was not frivolous. Section 14-202(11)'s incorporation of federal law gives rise to a jurisdictional question worthy of careful consideration. *See Cherry*, 2019 WL 2164096, at *5 ("The Plaintiffs' references to the federal Truth in Lending Act provided a weak, but objectively reasonable basis for seeking removal."); *Feldman's Med. Ctr. Pharmacy, Inc. v. CareFirst, Inc.*, 959 F. Supp. 2d 783, 798 (D. Md. 2013) ("A plaintiff has every right to do all that is possible, within the bounds of ethical constraints, to ensure that his case remains in state court; a defendant has an equally defensible privilege to do all it can, under like constraints, to push or pull the action into federal court." (quoting *Sledz v. Flintkote Co.*, 209 F.Supp.2d 559, 564 (D. Md. 2002))). Accordingly, Plaintiff's request for attorneys' fees shall be denied.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to remand (ECF 9) shall be granted, but her request for an award of attorneys' fees shall be denied. Defendant's motion to dismiss (ECF 13) shall be denied as moot. A separate Order will issue

August 21, 2026
Date

/S/
Matthew J. Maddox
United States District Judge